UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:  　　　　　　　　　　　　　　　　　　Case No.: 6:19-bk-04049-LVV
　　　　　　　　　　　　　　　　　　　　　　Chapter 7

EDITH ALEXANDRA HINOJOSA CORDOVA,

　　　Debtor.
_____/

INSIGHT SECURITIES, INC., et al.

　　　Plaintiffs,　　　　　　　　　　　　　Adv. Proc. No.: 6:19-ap-00323-LVV

vs.

EDITH ALEXANDRA HINOJOSA CORDOVA,

　　　Defendant.
_____/

**UNOPPOSED MOTION TO DROP CERTAIN PARTY PLAINTIFFS
AND TO DISMISS COUNTS I AND II OF THE COMPLAINT**

　　　Plaintiff, Insight Securities, Inc. ("Insight"), and the additional plaintiffs, Integra Limited, Golden Riva, Vincenzo Caccio, José Fernández, Fanny Maldonado, Luis Fernando Guzman, Carmen Vivanco, Oscar Erraez, Marco Rivadeneira, Luis Enriquez, Luis Dávila, Veronica Hinojosa, José De La Torre, Luz Pazmiño, Roberto Javier Vernaza, Samuel Sánchez, Stalin Villafuerte, Maria Riofrio, and Maria Calero (collectively, the "Investor Plaintiffs", and together with Insight, the "Plaintiffs"), through counsel, and pursuant to Federal Rules of Civil Procedure 21 and 41, made applicable by Federal Rules of Bankruptcy Procedure 7021 and 7041, move this Court for an Order dropping the Investor Plaintiffs as party plaintiffs to this adversary proceeding and permitting the Complaint to be prosecuted by Insight alone, and dismissing Counts I and II of

the Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code (Doc. No. 1) (the "Complaint"). In support, Plaintiffs state:

1. On September 23, 2019, the Plaintiffs initiated this adversary proceeding by filing the Complaint against Edith Alexandra Hinojosa Cordova (the "Debtor") pursuant to 11 U.S.C. §§ 523 and 727. The Complaint is based upon a massive Ponzi scheme the Debtor profited from and helped to perpetuate by deploying false, misleading, and fraudulent representations in the sale of certain worthless securities.

2. The Complaint alleges a total of seven counts, the first three of which allege the non-dischargeability of Plaintiffs' claims under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code. The remaining counts allege objections to the Debtor's discharge under sections 727(a)(3), 727(a)(4)(A) and (B), 727(a)(5), and 727(a)(7) of the Bankruptcy Code.

3. Insight and the Investor Plaintiffs, collectively, filed the Complaint. Insight is registered as a securities broker/dealer with the Financial Industry Regulatory Authority ("FINRA"), and is a creditor of the Debtor due to, among other things, certain pre-petition claims asserted against the Debtor in the United States District Court for the Northern District of Illinois (the "Illinois Complaint"). The Illinois Complaint is based upon the Debtor's sale of worthless securities to her clients in Ecuador, for which she opened accounts at Insight to hold these worthless securities for her clients. In the Illinois Complaint, Insight also seeks damages against the Debtor for defamation and unfair business practices. A copy of the Illinois Complaint is attached to the Complaint as Exhibit A.

4. The Investor Plaintiffs joined with Insight to initiate this adversary proceeding. The Investor Plaintiffs are each investors who purchased certain worthless securities based on

solicitations and recommendations of the Debtor, who was their investment advisor. Aside from Insight, and Integra Limited ("Integra"), which is a company based in Coral Gables, Florida, the other Investor Plaintiffs are each individuals residing in Ecuador.

5.  Though the Investor Plaintiffs originally joined with Insight in the filing of the Complaint, at this time, the Investor Plaintiffs have elected to forgo the time and expense of prosecuting this Complaint and no longer wish to participate in this litigation. As such, the Plaintiffs move this Court for an Order dropping the Investor Plaintiffs as parties to this proceeding and permitting the Complaint to be prosecuted by Insight alone.

6.  The dismissal of the Investor Plaintiffs will also necessitate dismissal of the counts of the Complaint that were based upon allegations specific to the interactions between the Debtor and the Investor Plaintiffs. Specifically, that includes only Count I for non-dischargeability of Plaintiffs' claims under 523(a)(2)(A) of the Bankruptcy Code, and Count II for non-dischargeability of Plaintiffs' claims under 523(a)(4) of the Bankruptcy Code. Counts III through VII of the Complaint should remain pending for prosecution by Insight.

7.  The dismissal of parties is governed by Federal Rule of Bankruptcy Procedure 7021, while the dismissal of claims is governed by Federal Rule of Bankruptcy Procedure 7041. *See NatTel, LLC v. Oceanic Dig. Communs., Inc. (In re NatTel, LLC)*, Nos. 06-50421, 07-5037, 2012 Bankr. LEXIS 1640, at *24 (Bankr. D. Conn. Apr. 16, 2012) ("By its plain language, Rule 41(a)(1)(A)(i) applies to the dismissal of an action, not a party.").

8.  Federal Rule of Bankruptcy Procedure 7021 makes Federal Rule of Civil Procedure applicable to adversary proceedings. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Whether to drop a party is within the sound discretion of the court, reversible only for abuse of discretion. *Lampliter Dinner*

*Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986). In exercising this discretion, the Court should consider whether the dismissal of the party will prejudice any other party in the litigation. *Luxor Agentes Autonomos De Investimientos, Ltda. v. Intertransfers, Inc.*, 638 Fed. Appx. 925, 927 (11th Cir. 2016). Prejudice exists if the party to be dismissed is an indispensable party and its presence provided the other side with some tactical advantage in the litigation. *Id.*

9.  Federal Rule of Bankruptcy Procedure 7041 makes Federal Rule of Civil Procedure 41 applicable to adversary proceedings and governs the dismissal of claims.[1] Rule 41(a) permits the voluntary dismissal of claims without a court order only if the dismissal occurs before the defendant has filed an answer or motion for summary judgment, whichever comes first. Otherwise, the Court may permit dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

10. As with the dismissal of parties, the court has broad discretion when evaluating whether to permit dismissal of claims under Rule 41(a)(2). *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). In general, the dismissal of claims should be permitted unless the defendant will suffer clear legal prejudice other than the mere possibility of a subsequent lawsuit. *Id.* The key question is whether the defendant "would lose any substantial right as a result of the dismissal." *Id.*

11. Here, the dismissal of the Investor Plaintiffs as party plaintiffs, and Counts I and II of the Complaint, is appropriate. The Court should permit the Investor Plaintiffs to be dropped as

---

[1] Rule 7041 permits a court to dismiss a complaint objecting to the debtor's discharge on "terms and conditions which the court deems proper" only after notice to the trustee, United States trustee, and others. Fed. R. Civ. P. 7041. The Advisory Committee Notes for Rule 7041 explain that "[d]ismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest." By permitting the court to impose conditions on dismissal, the court can guard against such practices. However, these concerns do not apply here because Plaintiffs do not seek dismissal of the counts of the Complaint objecting to the Debtor's discharge.

parties because they are not indispensable parties, their dismissal will not prejudice the Debtor, and their presence did not provide any tactical advantage to the Debtor. The dismissal of the Investor Plaintiffs will help to streamline the litigation and will have little practical impact on the litigation from the Court's or the Debtor's perspective, as Insight will continue to act as plaintiff and diligently prosecute the lawsuit. On the other hand, the Investor Plaintiffs will be relieved of the time and expense of prosecuting the Complaint, which is compounded by the fact that these Plaintiffs are individuals living overseas, and litigation decisions and strategy must be coordinated among each of them and Insight and Integra. There is no compelling reason that the Investor Plaintiffs should not be dismissed as party plaintiffs since they no longer wish to participate in this litigation.

12.     Similarly, Counts I and II of the Complaint should be dismissed as a result of dropping the Investor Plaintiffs as party plaintiffs. The Debtor will not suffer any clear legal prejudice as a result of the dismissal of these two counts of the Complaint, nor will she lose any substantial right as a result of the dismissal. If anything, the dismissal of these Counts will benefit the Debtor, as it will result in a narrowing of the issues in this litigation and a reduction in the possibility of the non-dischargeability of the debts at issue.

13.     The undersigned counsel conferred with counsel for the Debtor, and Debtor does not oppose the relief requested herein.

WHEREFORE, Plaintiffs, Insight Securities, Inc., Integra Limited, Golden Riva, Vincenzo Caccio, José Fernández, Fanny Maldonado, Luis Fernando Guzman, Carmen Vivanco, Oscar Erraez, Marco Rivadeneira, Luis Enriquez, Luis Dávila, Veronica Hinojosa, José De La Torre, Luz Pazmiño, Roberto Javier Vernaza, Samuel Sánchez, Stalin Villafuerte, Maria Riofrio, and Maria Calero, move this Court for an Order granting this Motion, dropping the Investor Plaintiffs as party

plaintiffs, dismissing Counts I and II of the Complaint, permitting the remaining counts of the Complaint to be prosecuted solely by Insight Securities, Inc., and for any other relief the Court deems just and proper.

Dated December 22, 2020.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
lreynolds@whww.com
**Winderweedle, Haines, Ward
 & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2020, a true and correct copy of the foregoing has been provided to the following parties and person(s) of interest via:

*CM/ECF to:*

Juan Carlos Montes De Oca, Esquire, Montes De Oca Law Group, LLC, 8 South Orlando Ave, Kissimmee, FL 34741
Richard B. Webber, Trustee, PO Box 3000, Orlando, FL 32802
United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801
Aldo G Bartolone, Jr., Esquire, Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801

*US Mail to:*

Edith Alexandra Hinojosa Cordova, 7401 Ella Lane, Windermere, FL 34786

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire